

HILL, FARRER & BURRILL LLP
ATTORNEYS · ESTABLISHED 1923

One California Plaza
37th Floor
300 South Grand Avenue
Los Angeles, California
90071-3147

July 3, 2018

PHONE: (213) 620-0460
FAX: (213) 624-4840
DIRECT: (213) 621-0821
E-MAIL: wmeyers@hillfarrer.com
WEBSITE: www.hillfarrer.com

*Via ECF and Facsimile (212) 805-7943*

Hon. Edgardo Ramos
United States Magistrate Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    ***Innovative BioDefense, Inc. v. VSP Technologies, et al.***
             <u>**Case No. 12 CV 3710 (ER) -- Request for Pre-Motion Conference**</u>

Dear Judge Ramos:

      We are former counsel of record for Plaintiff/Counter-Defendant Innovative BioDefense, Inc. ("IBD") in this matter. We write in response to the status report filed by IBD on July 3, 2018, in which IBD notified the Court that it had reached a settlement in principle with defendants VSP Technologies, Inc. and Carlo Micceri. [Dkt. #302.]

      Pursuant to section 2.A.ii. of Your Honor's Individual Practices, we request a pre-motion conference in advance of filing, on behalf of Hill, Farrer & Burrill LLP ("Hill Farrer"), a Motion to Enforce Charging Lien under New York Judiciary Law section 475.

***Background***

      We represented IBD pursuant to a written engagement agreement dated April 30, 2012. We were IBD's counsel of record in this matter from the May 2012 filing of this action until September 14, 2015, when the Court issued a Consent Order Granting Substitution of Attorney.[1] [Dkt. #205.]

      Our substitution was necessitated by IBD's non-payment of legal fees. There was no discharge for cause, nor was there an unjustified attorney abandonment. Indeed, in the months preceding the substitution, we filed a motion for summary judgment on behalf of IBD, and opposed defendants' counter-motion for summary judgment. [Dkt. Nos. 173-178, 194-199.] No filings of any kind were made in this action during the six month

---

      [1] Neil D. Martin and the undersigned, William A. Meyers, were the Hill Farrer attorneys representing IBD at the time of Hill Farrer's substitution out of this case.

Hon. Edgardo Ramos
July 3, 2018
Page 2

period between our September 2015 substitution and the Court's March 31, 2016 summary judgment Order, which granted (in part) IBD's motion for summary judgment and denied defendants' cross-motion in its entirety.  [Dkt. #206.]

### *Arbitration of Fee Dispute; $356,635 Judgment in favor of Hill Farrer & Against IBD*

On October 21, 2016, IBD filed with the Los Angeles County Bar Association a Petition for Arbitration of its attorney-client fee dispute with Hill Farrer under California's Mandatory Fee Arbitration Act ("MFAA").  On February 20, 2018, the MFAA Arbitration Panel issued its Award, which is attached hereto as **Exhibit A**, ordering IBD to pay Hill Farrer $271,943, plus interest.  Hill Farrer then moved to confirm the award in the Superior Court of the State of California, County of Los Angeles, in an action styled *Hill, Farrer & Burrill LLP v. Innovative BioDefense, Inc.*, Case No. BS173285 (the "Confirmation Action").

On June 28, 2018, the Court in the Confirmation Action entered judgment in favor of Hill Farrer and against IBD in the total amount of **$356,635.94**, plus post-judgment interest.  A copy of the judgment is attached hereto as **Exhibit B**.

### *Hill Farrer is Entitled to Enforce its Charging Lien in the Fixed Amount of $356,635*

Under New York Judiciary Law section 475, Hill Farrer is entitled to enforce a charging lien upon settlement in favor of IBD.  Section 475 states, in pertinent part:

> From the commencement of an action... in any court or before any state, municipal or federal department...the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a ... decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

"It is well-established that a New York charging lien, which emanates from New York Judiciary Law § 475, is enforceable in federal courts." *Hampshire Grp. Ltd. v. Scott James Co., L.L.C.* (S.D.N.Y., July 27, 2015) 2015 WL 5306232, at *4.  Courts note that the statute "should be construed liberally in aid of the object sought by the legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.* (2d Cir. 1998) 140 F.3d 442, 449-50 (adding that section 275 "create[s] a lien in favor of the attorney on his client's cause of action, in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third parties,

Hon. Edgardo Ramos
July 3, 2018
Page 3

without regard to any settlement before or after judgment; that all the world must take notice of the lien…").

Pursuant to section 475, Hill Farrer is entitled to enforce its charging lien in this matter in the fixed amount of $356,635.94, as set forth in the attached judgment against IBD.

We respectfully request that the Court schedule a pre-motion conference (by telephone, if possible) to discuss Hill Farrer's contemplated Motion to Enforce Charging Lien.

Very truly yours,

WILLIAM A. MEYERS
OF
HILL, FARRER & BURRILL LLP

Enclosures.


Cc:    Benjamin Nix, Esq. (*via e-mail*)
       Robert Matsuishi, Esq. (*via e-mail*)
       Daniel George Agius, Jr., Esq. (*via e-mail*)

# EXHIBIT A

STATEMENT OF DECISION AND AWARD

BEFORE THE LOS ANGELES COUNTY BAR ASSOCIATION

ATTORNEY CLIENT MEDIATION & ARBITRATION SERVICES

| | |
|---|---|
| In the Matter of the Arbitration Between | ) |
| | ) |
| Innovative BioDefense, Inc. /Collette | ) CASE NO. M-262-16-SBM |
| Cozean, | ) STATEMENT OF DECISION |
| Petitioners, | ) AND AWARD |
| | ) |
| and | ) Date: September 13, 2017 |
| | ) |
| Hill, Farrer & Burrill LLP and Neil Martin, | ) Time: 9:00 A.M. |
| | ) |
| Respondents. | ) |

RECEIVED
ATTORNEY CLIENT

MAR 0 2 2018

MEDIATION & ARBITRATION
SERVICES

INTRODUCTORY STATEMENT

Pursuant to a Petition for Arbitration regarding a fee dispute between Petitioner

Innovative BioDefense and Collette Cozean ("Petitioner") and Respondents Hill, Farrer &

Burrill LLP & Neil Martin ("Respondents"), due notice of hearing was given to the parties and

the hearing was conducted by an arbitrator panel consisting of Ms. Sue Gramacy, William

Dickerman, Esq. and Bertrand E. Christian, Esq., Chair, on September 13, 2017, at LACBA

Offices, at Los Angeles, California.

Petitioners appeared in person with Suren N. Weerasuriya, Esq. and Michael Oberbeck,

Esq. as legal representatives and with witnesses Colette Cozean and Jesse Cozean. The parties

agreed to binding arbitration.

Respondent Neil D. Martin and William A. Meyers, attorneys at law, appeared in

person and on behalf of the law firm Hill, Farrer & Burrill and Neil Martin, without additional

counsel and agreed to binding arbitration.

All parties were sworn, testified, cross-examined and otherwise participated in the proceedings.

## UNDISPUTED FACTS

Petitioners engaged Respondent firm to represent them in a dispute involving an intellectual property licensor of a hand sanitizer product. Respondent firm was selected, in large part, because of a prior relationship between Petitioner Cozean and Todd Sloane, Esq., one of Respondent firm's attorneys. The initial strategy employed by the parties was to seek a negotiated settlement of the dispute. When negotiations fell through, Petitioners authorized the firm to file litigation against the licensor with whom Petitioners had contracted. As a result of the two-step approach to the dispute, two separate attorney-client fee agreements were executed between the parties because the first agreement specifically excluded litigation.

Petitioners apparently were having cash flow problems and expressed a desire to minimize litigation costs as much as possible. Respondents provided the Petitioners with estimates of the litigation costs and assigned an associate with a lower billing rate to the litigation team to prepare and file a complaint and preliminary injunction. Also, Petitioner Cozean worked with the Respondents during the case preparation, as she is a California licensed attorney. The relationship between the parties was cordial for approximately 3 years. Around the end of the third year, Todd Sloane, with whom the Petitioners had a prior relationship, left the firm and withdrew from the case because of his wife's terminal illness. It was then that Respondent Neil Martin became lead counsel.

Respondents filed a motion for summary judgement during the course of the litigation. The summary judgement motion costs and fees are an item of contention between the parties in this arbitration. In May 2015, the issue of the balance due on the legal fees and costs was such that Respondents asked for payment of the outstanding balance or advised Petitioners that it would seek to withdraw as counsel. Petitioners did not pay the outstanding balance of Respondents' billing and the Respondents filed to be relieved as counsel on the case. The court granted Respondents' petition to be relieved as counsel in September 2015. Petitioners

STATEMENT OF DECISION AND AWARD
CASE NO. M-262-16-SBM                                2

requested that the Respondents remain counsel of record on summary judgment motion to the extent the court allowed oral argument. The court granted Petitioners' summary judgement, in part. Respondents billed the Petitioners a total of $443,097.63 in fees and costs, of which Petitioners paid $171,154.00.

## CLAIMS OF PARTIES

The contentions of the Petitioners are substantially as follows:

1. After Respondent Martin became lead counsel, he needed to review the case files to get a better understanding of the case. Petitioners contend that Martin promised he would not bill them for the file review and cite this as one of the reasons for continuing with Respondent firm after attorney Todd Sloane left the firm.

2. Respondents' total costs and fees greatly exceeded the estimated costs furnished to Petitioners at the outset of the case.

3. Respondents failed to heed Petitioners' direction not to prosecute the motion for summary judgement. The costs billed for the motion were excessive and should be reduced because they were not pre-approved.

4. Respondents block billed.

5. Respondents committed malpractice by directing their expert witness to use out-of-date and erroneous information when the expert was first hired.

The Respondents provided the following responses to the Arbitration Petition:

A. Respondent Martin did not promise to eschew billing for file review time after assuming the duties of lead counsel and no such promise could have been a consideration for his engagement. The evidence offered in support of the contention is false and is internally inconsistent with the time line of his engagement.

B. The contention that Respondents were guilty of malpractice is belied by a contemporary writing from Petitioner Cozean praising the work. Moreover, there is no remedy for such a claim at an arbitration proceeding.

STATEMENT OF DECISION AND AWARD
CASE NO. M-262-16-SBM                                           3

C.  Respondents contends that the document offered in support of the claim that Respondents moved forward with a summary judgement motion after expressly being instructed to not do so is based on a document whose content possibly was manipulated by Petitioners.

D.  Rules against block billing do not apply where no task in the purported block billing is non- compensable or there is no claim such billing is false, padded or untrue.

E.  Offsets of fees for personal negligence are precluded by Section 6203(a) of the B & P Code.

## ISSUES

The matters placed in issue by the Petition, Response and the testimony of the parties are the following:

1.  What are the legal effects, if any, of oral promises which purport to mitigate the terms of their signed engagement agreement?

2.  If Respondents provided the Petitioners with costs estimates, does it excuse the Petitioners' obligations to pay actual costs in excess of the costs estimates?

3.  Did Respondents provide legal services and incur costs the Petitioners had directed them not to incur or provide?

4.  Did Respondents commit malpractice when working with the expert witness on the case? And, if so, what is the remedy for such malpractice?

5.  Did Respondents submit block billing to Petitioners? If so, does the practice call for a reduction in the amounts billed to Petitioners?

## NARRATIVE DISCUSSION

### I

We are impressed that one of Petitioners' principles, Colette Cozean, is a licensed attorney and sufficiently experienced in the law to participate in the strategy formulation of the underlying case giving rise to this dispute. It is with this awareness that we consider the issues

STATEMENT OF DECISION AND AWARD
CASE NO. M-262-16-SBM                                         4

of the purported oral promises by Respondents and whether it was reasonable for Ms. Cozean and the Petitioners to rely on oral promises for changing the terms of that Letter. The executed engagement letter specifically provided in its integration provision that,

> "*** [N]o modification of this Engagement Letter will be valid or enforceable unless set forth in writing and both we and you have signed such written modification."

From the above-quoted and agreed upon terms describing the method for the engagement letter to be modified, it is reasonable to determine that an oral promise to not charge for the time the attorney required to familiarize himself with the case file, if any such was tendered, would not be binding or enforceable by the Petitioners against the Respondents. Similarly, an expectation that cost estimates would modify the Letter terms, if not agreed upon by both parties, not written and not subsequently incorporated into the Letter of Engagement is inconsistent with the Letter's terms. Moreover, the Letter specifically addresses the topic of estimates in the following language:

> "Although we may furnish you with estimates of fees or costs from time to time, such estimates are furnished solely for your convenience, are necessarily approximations and **are not binding on either you or us.**" (Emphasis added)

Therefore, the arbitration panel would appear to have no authority to reduce the fees and costs billed by the Respondents because one of its attorneys is alleged to verbally have promised not to charge for services actually performed by him. Nor was any credible evidence presented at the arbitration to allow the panel to determine that an estimation of costs and fees furnished to Petitioners by the Respondents meant that it could not charge one penny more than the estimation. Lastly, the testimony of the Respondents is that they neither made a promise not to charge for their legal services nor intended to be bound to charge based only upon their estimation of certain costs and fees.

II

STATEMENT OF DECISION AND AWARD
CASE NO. M-262-16-SBM

5

The contention that Petitioners directed Respondent law firm not to pursue a summary judgment motion is supported by testimony of Petitioners' witnesses and a purported copy of an email instruction to Respondents. However, the exhibits submitted at the arbitration show that even after the instruction to halt work on the summary motion the Petitioners worked closely with the Respondents in the preparation of the summary judgment motion, commenting on the documents prepared in connection with the proceedings. And, at the time that the Respondent firm was given permission to withdraw from the case, Petitioners asked Respondents to remain as counsel of record for the purpose of presenting oral argument on the summary judgment if it were held by the court. These actions more than suggests that either the Petitioners had a change of heart about not pursuing the summary judgment motion or they did not really mean for Respondents to stop all proceedings on the motion.

Respondents presented oral and written testimony that the summary judgment was beneficial to Petitioners' case and central to its favorable outcome. In addition, Respondents state that Petitioners' complaint about summary judgment costs conflates two separate parts of the case: the summary judgment motion and, the costs of opposing a cross-motion brought by one of the defendants in the case. It is noteworthy that the Petitioners did not contest the assertions of the Respondents about their success on the summary judgment motion or the success of their opposition to one of the defendant's motion. Also, Respondents' evidence cast doubts as to whether the e-mail was a true and accurate copy of the communication between them and Petitioners to not pursue the summary judgment. Respondents presented testimony that the e-mail may have been subsequently altered to make a case for a claim that Respondents ignored the Petitioners' wishes on the point.

III

We now address the issues of block billing, padded billing and malpractice.

The Respondents correctly cite Business & Professions Code §6203(a), which provisions dispose of the claim of malpractice, in essence, by providing that questions of malpractice are relevant at arbitration only to the extent they are concerned with fees or costs

due to the attorney. This arbitration is not designed to adjudicate the merits of a malpractice claim.

   With respect to the claims of block billing, there was insufficient evidence presented at the arbitration to support a finding that Respondents' billing violated Business & Profession Code §6148(b). From our review of the billing statements submitted into evidence there appears to be sufficient clarity of amount, rate and basis for calculation of the attorney's fees and the identity of the attorney responsible for providing the described legal services. Nor as to the claim that the fees were unreasonable or padded does Petitioner provided sufficient evidence to substantiate its claim. As the State Bar Rule of Professional Conduct 4-200 enumerates, inter alia, the arbitrators may consider the relative sophistication of the parties; the amount involved and the results obtained; the experience, reputation and ability of the firm performing the services; and, the difficulty of the legal questions involved and the skill requisite to perform the legal services properly. Based on the aforementioned enumerated considerations, the arbitrators cannot and do not conclude that the amount of the billing was unconscionable.

   In conclusion, the arbitration panel finds (a) there was a valid fee agreement sufficiently setting the terms of engagement between the parties; (b) Respondents submitted detailed statements to Petitioners of their time and charges; (c) the services rendered by the Respondents were consistent with the fee agreement and were reasonably necessary; and, (d) the attorneys fees charged by Respomdents of $443,097.63 were reasonable and necessary for the work, costs and labor required and performed.

AWARD

   The arbitrators find that the total amount of costs and fees which should have been charged in this matter is:         $443,097.63

of which Petitioners are found to have paid      $171,154.00.

For a net amount, due Respondents of:      $271,943.63.

Plus, prejudgment interest from the date of each invoice to the date of the Panel's award.

STATEMENT OF DECISION AND AWARD
CASE NO. M-262-16-SBM

7

In addition, the fee arbitration filing fee shall be allocated:

      Petitioners:          One-half of filing fee - $2,500.00

      Respondents:        One-half of filing fee - $2,500.00

Accordingly, the following award is made:

Petitioner shall pay to the legal firm of Hill, Farrer & Burrill LLP the sum of $271,943.63, prejudgment interest pursuant to §3289 of the California Civil Code at the rate of 10% per annum, plus interest in the amount of ten percent per annum from the 30th day after the date of Service of the Award.

                                Respectfully submitted,

Dated:    February 20, 2018

                                _____

                                Sue Gramacy, Arbitrator

                                _____

                                William Dickerman, Esq., Arbitrator

                                _____

                                Bertrand E. Christian, Esq., Chair

Petitioners:      One-half of filing fee - $2,500.00

Respondents:     One-half of filing fee - $2,500.00

Accordingly, the following award is made:

Petitioner shall pay to the legal firm of Hill, Farrer & Burrill LLP the sum of $271,942.63, prejudgment interest pursuant to §3289 of the California Civil Code at the rate of 10% per annum, plus interest in the amount of ten percent per annum from the 30th day after the date of Service of the Award.

Respectfully submitted,

Dated:    February 20, 2018

Sue Gramacy, Arbitrator

William Dickerman, Esq., Arbitrator

Bertrand E. Christian, Esq., Chair

STATEMENT OF DECISION AND AWARD
CASE NO. M-262-16-SBM

8

In addition, the fee arbitration filing fee shall be allocated:

| | |
|---|---|
| Petitioners: | One-half of filing fee – $2,500.00 |
| Respondents; | One-half of filing fee – $2,500.00 |

Accordingly, the following award is made:

Petitioner shall pay to the legal firm of Hill, Ferrer & Burrill LLP the sum of $271,942.63, prejudgment interest pursuant to §3289 of the California Civil Code at the rate of 10% per annum, plus interest in the amount of ten percent per annum from the 30th day after the date of Service of the Award.

Respectfully submitted,

Dated:   February 20, 2018

Sue Gramesy, Arbitrator

William Dickerman, Esq., Arbitrator

Bertrand E. Christian, Esq., Chair

STATEMENT OF DECISION AND AWARD
CASE NO. M-262-16-SBM

8

## PROOF OF SERVICE BY MAIL

I am an employee in the City and County of Los Angeles, State of California. I am over the age of eighteen (18), and I am not a party to the within action. My business address is: Los Angeles County Bar Association, 1055 W. 7th Street, 27th Floor, Los Angeles, CA 90017-2553.

On March 7, 2018, I served the *Statement of Decision and Award and Notice of Your Rights after Arbitration* for Case Number M-262-16-SBM on the parties in this action, by causing to be placed a true copy thereof, in a sealed envelope for collection and mailing at this office, in Los Angeles, California, following our ordinary business practices, addressed to:

Colette Cozean
Innovative Bio Defense, Inc.
21801 Midcrest Drive
Lake Forest, CA 92630


Neil Martin, Esq.
Hill Farret Burrill
300 S. Grand Ave. 37th Fl.
Los Angeles, CA 90071


by United States Postal Service first class mail and placed the envelope for collection and mailing at this office, in Los Angeles, California, following our ordinary business practices.

I am readily familiar with the practices of this office in the collection and processing of mail. On the same day that the envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California, on March 7, 2018.


_____
Sylvia Menzies

# EXHIBIT B

1    **HILL, FARRER & BURRILL LLP**
     Neil D. Martin (Bar No. 094121)
2    William A. Meyers (Bar No. 266322)
     300 South Grand Avenue, 37th Floor
3    Los Angeles, CA  90071-3147
     Telephone:  (213) 620-0460
4    Fax:  (213) 624-4840
5    Attorneys for Petitioner
     HILL, FARRER & BURRILL LLP
6
7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                          COUNTY OF LOS ANGELES
10
11   HILL, FARRER & BURRILL LLP,              CASE NO.  BS173285
12              Petitioner,                   [Assigned to Hon. Holly E. Kendig,
                                              Dept. 42]
13        vs.
14   INNOVATIVE BIODEFENSE, INC.,             **JUDGMENT [PROPOSED]**
15              Respondent.
16
17
18                                            Arbitration Date: September 13, 2017
                                              Award Date:       February 20, 2018
19                                            Petition Filed:   April 23, 2018
20
21
22
23
24
25
26
27
28

JUDGMENT [PROPOSED]

(stamp)
COPY RECEIVED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 28 2018

Sherri R. Carter, Executive Officer/Clerk
By E. Verner, Deputy

## JUDGMENT

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

(1)    Pursuant to California Code of Civil Procedure section 1287.4, judgment is entered in favor of Petitioner HILL, FARRER & BURRILL LLP and against Respondent INNOVATIVE BIODEFENSE, INC. in the principal amount of $271,942.63, plus prejudgment interest in the amount of $84,693.31, for a total judgment in favor of Petitioner Hill, Farrer & Burrill LLP in the amount of **$356,635.94**.

(2)    Post-judgment interest shall be added to the judgment in the amount of ten percent per annum from April 6, 2018.

**IT IS SO ORDERED.**

DATED:    JUN 2 8 2018        By: _____

HOLLY E. KENDIG

Hon. Holly E. Kendig
JUDGE OF THE SUPERIOR COURT

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HFB 1932482.1 05285009

JUDGMENT [PROPOSED]